IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DENARIEYA SMITH,        ) | |
| )| |
| Plaintiff,        ) | |
| ) | |
| v.        ) | CIVIL ACTION NO. 2:15-CV-778-MHT |
| ) | (WO) |
| ) | |
| WALT M. MERRELL, III, et al.,        ) | |
| ) | |
| Defendants.        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Denarieya Smith ("Smith'), an inmate incarcerated at Covington County Jail on criminal charges pending against him before the Circuit Court of Covington County, Alabama for two counts of attempted murder and two counts of discharging a firearm into an occupied vehicle. After reviewing the complaint and finding numerous deficiencies in this pleading, the court determined that Smith should be provided an opportunity to file an amended complaint and issued an order containing detailed instructions regarding his filing a proper amended complaint. *Order of October 27, 2015 - Doc. No. 4*. The relevant portion of this order reads as follows:

> Initially, the law is well settled that state courts are not persons within the meaning of 42 U.S.C. § 1983. *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976); *McFarland v. Folsom*, 854 F.Supp. 862, 874 (M.D. Ala. 1994). Consequently, any claims lodged against the courts of Covington County are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).
> With respect to Smith's claim against District Attorney Walt Merrell, "[a] prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining

witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991)." *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). Moreover, insofar as Smith seeks relief from a private attorney for actions undertaken in his pending criminal cases, he is entitled to no relief as an attorney who represents a defendant in criminal proceedings does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983.").

To the extent Smith challenges the constitutionality of his confinement due to the amount of bail set by the trial court, an amount he alleges is excessive, it is well settled that the proper avenue of relief is a federal petition for writ of habeas corpus. Before a claim challenging the fact of an inmate's confinement may be heard in federal court, however, the inmate must first exhaust available state court remedies. *Georgalis v. Dixon*, 776 F.2d 261 (11th Cir. 1985); *Walker v. Zant*, 693 F.2d 1087 (11th Cir. 1982). An inmate cannot proceed on such a claim in a 42 U.S.C. § 1983 action so as to avert the exhaustion requirements attendant to habeas actions. *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Keenan v. Bennett*, 613 F.2d 127 (5th Cir. 1980). The applicable state remedy is a general state petition for habeas relief challenging the setting of allegedly excessive bail. *Ex parte Stokes*, 990 So.2d 852, 856 (Ala. 2008) (internal citations omitted) ("A petition for a writ of habeas corpus [filed with the Alabama Court of Criminal Appeals] is the proper vehicle by which to challenge the setting of allegedly excessive bail.... However, such a petition must be filed within a reasonable time."). Upon full and proper exhaustion in state court, the plaintiff may then seek relief from this court with respect to the excessive bail claim through an appropriate action for habeas corpus relief.

As to the claim challenging the seizure of his mother's car, a claim relevant to potential evidence in the pending criminal cases, Smith may raise this claim in the state courts during the pendency of his criminal cases, including proceedings before the trial court and on appeal if he is convicted of such offenses. Under the decision issued by the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Smith has an adequate remedy at law regarding claims attacking the admissibility of evidence obtained during a search and seizure because he may pursue these claims through the state court system in the on-going criminal proceedings. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Moreover, the

> plaintiff has not alleged the existence of any special circumstance which creates a threat of irreparable harm. The mere fact that Smith must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court is therefore compelled to abstain from considering the merits of Smith's claim regarding the search and seizure of an automobile which may contain evidence relevant to his pending cases as such claim is not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44.
>
> In light of the foregoing, the only claim referenced in the complaint on which the plaintiff may proceed in a 42 U.S.C. § 1983 action is one with respect to the constitutionality of his arrest.

*Order of October 27, 2015 - Doc. No. 4* at 2-5. Based on these deficiencies, the court ordered Smith to file an amended complaint limited to the validity of his arrest "***if*** [he] seeks to proceed under 42 U.S.C. § 1983" and provided specific instructions on the manner in which to do so. *Id*. at 5. Additionally, in an effort to aid Smith in filing the requisite amended complaint, the court provided him with a copy of the form used by prisoners to file complaints. *Id*. at 6.

The time allowed Smith to file the amended complaint expired on November 10, 2015. As of the present date, Smith has failed to file the amended complaint as required by this court. In light of Smith's failure to file an amended complaint, the court concludes that this case is due to be dismissed. *Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply, noting that inmate was provided with "a standard form [and] a clear description of what [the] complaint should contain." ); *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be

dismissed without prejudice for failure of the plaintiff to file an amended complaint as directed by the order of this court. It is further

ORDERED that on or before December 18, 2015 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of December, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE